A. J. BRIDWELL, plaintiff in error, *vs.* ROBERT McNAIR, defendant in error.

1. It is not error to refuse an injunction if the defendant is solvent and has sworn off the equity in the bill. (R.)

2. Unless the Chancellor has abused his discretion in refusing an injunction, this Court will not interfere. (R.)

All of this cause necessary, appears in the opinion delivered from the bench, as follows :

LOCHRANE, Chief Justice.

The Judge below refused an injunction, on the following statement of facts : Bridwell bought from McNair a tract of land in Richmond county, in 1866, taking bond for titles, and giving his two notes for $2,000 00 each, in payment. A partial payment was made upon the purchase, and subsequently, Bridwell, alleging his inability to comply, an arbitration was had, and the referees rescinded the contract of purchase, setting off the amount paid against the rent, and in 1870, Bridwell, having failed to comply with the judg-

Bridwell vs. McNair.

ment of arbitration, McNair filed his bill in equity for specific performance, etc. No answer was made, and the complainant took the usual order *pro confesso*, and a verdict was rendered by the jury, decreeing the land to be given up, etc. The usual writ of possession issued, and was in the hands of the sheriff when Bridwell filed his present bill, alleging that he had been prevented from making his defense in the original case, by the fraud, deceit and artifice of McNair, and that he had placed improvements upon the land, which were not the subject matter of adjustment by the arbitrator. There was no allegation of McNair being insolvent, and McNair's answer to the bill denied the allegations, and several affidavits were appended to the bill and answer, in support, respectively, of each, and by which it appeared that the present complainant sought to show an attempt at settlement, promises to meet for the purpose, etc., and compromise or arrange the matter out of Court, and denial of the facts stated, etc. *Held*, Under the facts in this case, it was not error in the Court below to refuse an injunction. The original jurisdiction to grant or refuse injunctions is vested, by law, in the Court below, and it is only in cases where the facts show, in the opinion of this Court, an abuse of the discretion, that such judgment of the Court will be set aside. The legal discretion is properly vested in the Court having original jurisdiction, and this Court will recognize the exercise of that legal discretion with no suspicious criticisms; but only in cases where an error in law has been committed by the Judge granting or refusing injunctions, will we interfere.

Judgment affirmed.

A. R. and H. G. WRIGHT, for plaintiff in error.

WILLIAM A. WALTON, for defendant.